UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTOPHER PERKINS,
        Plaintiff,

vs.

PATRICIA M. CLANCY, et al.,
        Defendants.

Case No. 1:10-cv-791
Dlott, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

This matter is before the Court on motions to dismiss filed by defendants Anil Jindal and

ASAJ, LLC (Doc. 4), Patricia M. Clancy (Doc. 9), and former Ohio Governor Ted Strickland

and former Ohio Attorney General Richard Cordray. (Doc. 12). Plaintiff Christopher Perkins

has not responded to the motions. For the reasons that follow, the undersigned recommends that

the motions to dismiss be granted as unopposed and this action be dismissed with prejudice.

### I. Procedural History

Plaintiff initiated this action on November 12, 2010. (Doc. 1). Plaintiff names as

defendants Patricia M. Clancy, Anil Jindal, ASAJ LLC (ASAJ), Ted Strickland, Richard

Cordray and "Wayne F. Wilke, Judge, Probate Court of Hamilton County, Ohio."[1] The

complaint seeks a permanent injunction to enjoin defendants from continuing to engage in

discriminatory and retaliatory conduct and asks the Court to overrule attempts to evict plaintiff

from his residence at 14 West Street, Cincinnati, Ohio.

---

[1]Defendant Wilke has not been served in this case. However, had proper service been obtained, dismissal
of the complaint against Wilke would be warranted on the basis of absolute immunity. Plaintiff is suing defendant
Wilke in his capacity as former judge of the probate court. In this capacity, Wilke is entitled to absolute immunity
from damages (*see Pierson v. Ray*, 386 U.S. 547 (1967); *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997)
(judges are afforded absolute immunity from damages for acts they commit while functioning within their judicial
capacity)) and from injunctive relief. *See* 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an
act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory
decree was violated or declaratory relief was unavailable."). *See also Roth v. King*, 449 F.3d 1272, 1286-87 (D.C.
Cir. 2006); *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000); *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir.
1999). Plaintiff does not allege the violation of a declaratory decree or the unavailability of declaratory relief.

The complaint makes the following allegations:  Plaintiff was executor of, and beneficiary to, the estate of the late Christopher W. Perkins, Sr., which was filed on September 10, 1998. (Doc. 1, at ¶1).  Mark W. Jordan, an attorney, represented the estate until the executor discharged him on March 18, 1999, in the presence of Judge Wilke because Jordan allegedly did not disclose the sale of registered securities and refused to deposit assets into the estate's checking account.  (*Id.*).  Plaintiff opened a checking account for the estate at PNC Bank on November 12, 1998.  (*Id.*, at ¶8).  Prior to filing this action, plaintiff filed two petitions with the U.S. Department of Justice.  (*Id.*, at ¶2).  Defendants "acted through joint conspiracies 18 U.S.C. 371 (a). Malice aforethought. (B). Malice in Fact. (C) Malice in laws. (D) and Malicious abuse of legal process."  (*Id.*, at ¶4).

Plaintiff claims that as a result of defendants' conduct, he has suffered loss of income and benefits, emotional harm, and other consequential damages.  (*Id.*, at ¶¶4, 8).  Plaintiff claims the amount of damages cannot be determined because defendants refused to disclose the amount of assets they received from the sale of registered securities owned by the estate, and defendants refused to deposit assets collected on behalf of the estate into the estate's checking account plaintiff opened at PNC in 1998.  Plaintiff further claims that he is entitled to equitable relief by which defendants would be enjoined from continuing to engage in discriminatory and retaliatory conduct under "42 U.S. C stat [sic] 1981, 1982, 13th, 14th, 15th amendments."  (*Id.*, at ¶12).

On December 2, 2010, defendants Jindal and ASAJ filed their motion to dismiss.  (Doc. 4).  On January 3, 2011, defendant Clancy filed her motion to dismiss.  (Doc. 9).  The Court notified plaintiff after each filing that a motion to dismiss had been filed and that failure to file a memorandum in response to the motion might warrant dismissal of the case.  (Docs. 8, 11).  Plaintiff has failed to respond to either motion.  Defendants Strickland and Cordray filed their

motion to dismiss on January 26, 2011. (Doc. 12). To date, plaintiff has filed nothing in response to these defendants' motion to dismiss.

The moving defendants argue in support of their motions to dismiss that plaintiff does not state a plausible claim for relief against them. Defendants contend that plaintiff has neither alleged any facts pertaining to them nor connected them to any alleged wrongdoing. Defendants Strickland and Cordray further allege that they are entitled to qualified immunity on plaintiff's claims brought against them in their individual capacities; the Eleventh Amendment to the United States Constitution bars plaintiff's claims insofar as he seeks to sue these defendants in their official capacities; and plaintiff is barred from pursuing an action under Title VII of the Civil Rights Act in Federal court because he failed to timely file an administrative complaint.

## II. Rule 12(b)(6) Standard

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not

do." *Twombly,* 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

It is well-settled that a document filed pro se is "to be liberally construed," and that a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers [.]" *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). However, the Sixth Circuit has recognized that the Supreme Court's "liberal construction" case law has not had the effect of "abrogat[ing] basic pleading essentials" in pro se suits. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989). Courts are not required to devote time to a case when the nature of a pro se plaintiff's claim "defies comprehension." *Roper v. Ford Motor Co.*, No. 1:09cv427, 2010 WL 2670827, at *3 (S.D. Ohio April 6, 2010) (citing *Jones v. Ravitz,* No. 07-10128, 2007 WL 2004755, at *2 (E.D. Mich. July 6, 2007)).

### III. Resolution

The Court need not address defendants Strickland and Cordray's claims of qualified and absolute immunity, nor their contention that plaintiff's Title VII claim is barred by his failure to exhaust his administrative remedies. Rather, plaintiff's claims against these defendants, as well as the claims against defendants Clancy, Jindal and ASAJ, should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because the complaint provides no factual content nor context from which the Court may reasonably infer that any defendant violated plaintiff's rights. The complaint contains nothing more than legal conclusions and disjointed factual allegations. There are no coherent factual allegations which would permit the Court to draw the reasonable inference that any defendant is liable for the misconduct alleged. The complaint does not contain sufficient factual matter, accepted as true, to state a claim for relief against any named defendant that is

plausible on its face.  Thus, the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## IT IS THEREFORE RECOMMENDED THAT:

1.  The motions to dismiss filed by defendants Jindal and ASAJ (Doc. 4), Clancy (Doc. 9), and Strickland and Cordray (Doc. 12) be **GRANTED**.

2.  The complaint against all defendants be **DISMISSED** with prejudice.

Date: 3/15/2011

Karen L. Litkovitz
United States Magistrate Judge

5

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

CHRISTOPHER PERKINS,
      Plaintiff
                                                         Civil Action No. 1:10-cv-791

                                                                 Dlott, J.
     vs                                                           Litkovitz, M.J.

PATRICIA M. CLANCY, et al.,
      Defendants


**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**6**

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X ☐ Agent ☐ Addressee <br> B. Received by (*Printed Name*)    C. Date of Delivery |
| 1. Article Addressed to: <br><br> Christopher Perkins <br> 14 West Street <br> Cinti, OH 45220 | D. Is delivery address different from item 1? ☐ Yes <br> If YES, enter delivery address below: ☐ No <br><br><br> 3. Service Type <br> ☑ Certified Mail   ☐ Express Mail <br> ☐ Registered     ☐ Return Receipt for Merchandise <br> ☐ Insured Mail    ☐ C.O.D. <br> 4. Restricted Delivery? (*Extra Fee*)    ☐ Yes |
| 2. Article Number <br> (*Transfer from service label*) | 7002 3150 0000 8389 1153 |
| PS Form 3811, August 2001    Domestic Return Receipt | 102595-02-M-1540 |

1:10cv 791 (Doc. 13)